UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

03cv 446 (AVC)

CRAIG CONYERS

3:03CV446(AVC). October 22, 2003. This is an action for a declaratory judgment, damages, and injunctive relief arising out of alleged violations of the Connecticut Truth-in-Lending Act, Conn. Gen. Stat. § 36a-676 et seq., and 15 U.S.C. § 1601, et seq. On March 13, 2003, the plaintiff filed the complaint. The only named defendant was Ludwig's Auto Sales, LLC. The complaint alleges that "[o]n or about December 17, 2002, plaintiff entered into a consumer credit transaction with defendant, which was later assigned to Source One Financial". On August 4, 2003, the plaintiff filed the within motion for permissive joinder of parties (document no. 11) pursuant to Fed. R. Civ. P. 20 (a), seeking to join Paula Antonucci d/b/a Ludwig's Auto Sales and Source One Financial Corp as party defendants. For the reasons that hereafter follow, the motion is GRANTED.

    The plaintiff contends that Paula Antonucci d/b/a Ludwig's Auto Sales should be joined as a party defendant because "plaintiff's counsel contacted the Department of Motor Vehicles and was advised that the dealer's license [for Ludwig's Auto Sales, LLC] is in the name of Paula Antonucci d/b/a Ludwig's Auto Sales." Additionally, the plaintiff contends that Source One Financial Corp should be joined as a party defendant because that entity "has an interest in the claims that arise out of the same transaction."

    Fed. R. Civ. P. 20(a) provides in pertinent part: "All persons may be joined in one action as defendants if there is asserted against them . . . any right to relief in respect of or arising out of the same transaction . . . and if any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a). The rule imposes two specific requisites for the joinder of parties: (1) a right to relief must be asserted against each defendant arising out of the same transaction; and (2) some question of law or fact common to all parties will arise in the action. See Wright & Miller, Federal Practice and Procedure § 1653 (2d Ed. 2003).

    Applying these standards, the court concludes that the motion should be granted. The right to relief against the named defendant and those parties that the plaintiff seeks to join as defendants arises out of the December 17, 2002 transaction entered into by the plaintiff and Ludwig Auto Sales, LLC. Also, given that the named defendant and the parties that the plaintiff seeks to join as defendants were all allegedly involved in the disputed contract, questions of fact common to all parties will arise in the action. Accordingly, the court finds that both requirements of Fed. R. Civ. P. 20(a) are met. The motion for permissive joinder of party defendants is therefore GRANTED. SO ORDERED.

Alfred V. Covello, U.S.D.J.