UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CRAIG CONYERS

    Plaintiff,

LUDWIG'S AUTO SALES, LLC

**PAULA ANTONUCCI D/B/A
LUDWIGS AUTO SALES**

**SOURCE ONE FINANCIAL CORP.**

    Defendants.

CIVIL ACTION NO.
3:03CV446(AVC)

OCTOBER 30, 2003

**AMENDED COMPLAINT**

1. This is an action for a declaratory judgment, an injunction, and actual, statutory, and punitive damages and attorneys fees for violation of 15 U.S.C. § 1601, et seq.(TILA), and for actual, minimum and punitive damages for violation of the Motor Vehicle Information and Cost Saving Act ( Odometer Law), 49 U.S.C. 32701 et seq. and Conn. Gen. Stat. § 36a-676 et seq.; and for actual and punitive damages pursuant to Conn. Gen. Stat. §42-110a et seq.

2. Jurisdiction is conferred on this Court by 15 U.S.C. § 1601 et seq. and 28 U.S.C. § 1331 and §1367.

3. Plaintiff is a resident of Connecticut.

4. Defendant Ludwig's Auto Sales, LLC is a limited liability company with a place of business at 395 Dixwell Ave., New Haven, CT 06511.

5. Defendant Paula Antonucci d/b/a Ludwig's Auto Sales is a company with a place of business at 395 Dixwell Ave., New Haven, CT 06511.

6. Defendant Source One Financial Corp. is the assignee of the consumer retail installment contract and authorized to do business in the State of Connecticut by the Secretary of State.

7. On or about December 17, 2002, plaintiff entered into a consumer credit transaction with defendant Paula Antonucci d/b/a Ludwig's Auto Sales and/or Ludwig's Auto Sales LLC, which was later assigned to Source One Financial to finance a 1997 automobile for personal, family or household use.

8. At all times herein, all defendants in the ordinary course of business regularly extended consumer credit.

9. Defendants are creditors within the meaning of C.G.S. § 36a-676, *et seq.* and 15 U.S.C. § 1601, *et seq.* and regulations promulgated thereunder.

10. Defendants failed to provide the information required to be disclosed by 15 U.S.C. § 1601, *et seq.* or C.G.S. § 36a-676, *et seq.* and the regulations thereunder at or prior to consummation of the transaction.

11. The violations of the federal and state truth-in-lending laws appear on the face of the retail installment contract.

12. Plaintiff has suffered and will suffer monetary loss, embarrassment, stress and inconvenience as a result of defendants actions.

SECOND COUNT:

13. The allegations of paragraph no. 7 of the First Count are repeated as if fully set forth herein.

14. Defendant Paula Antonucci d/b/a Ludwig's Auto Sales and Source One Financial Corp. violated the Odometer Law in that defendants issued to plaintiff an odometer statement which it knew was false or had reason to know was false, or (b) defendant did not issue an odometer statement to plaintiff.

15. Defendant so acted with intent to defraud plaintiff.

16. Plaintiff has suffered and will suffer monetary loss, embarrassment, stress and inconvenience as a result of defendants actions.

THIRD COUNT:

17. The allegations of paragraph no. 7 of the First Count are repeated as if fully set forth herein.

18. All defendants have committed one or more unfair or deceptive acts or practices in violation of the Connecticut Unfair Trade Practices Act § 42-110a Conn. Gen. Stat. et seq., including, but not limited to failing to disclose to plaintiffs the accurate financial terms of the transaction, failing to provide plaintiff with a copy of the Retail Installment Contract, failing to provide plaintiff with a buy/sell agreement, failing to provide plaintiff with a bill of sale, eliciting his agreement to the transaction by making deceptive representations. Defendant Paula Antonucci d/b/a Ludwig's Auto

Sales and Source One Financial Corp. failed to provide plaintiff with an accurate odometer statement or (b) not providing plaintiff with an odometer statement.

19. Plaintiff has suffered and will suffer severe monetary loss, embarrassment, stress and inconvenience as a result of all defendants actions.

WHEREFORE, it is respectfully prayed that this Court:

1. Award twice the finance charge in connection with the consumer credit transaction, and actual damages, pursuant to 15 U.S.C. §1601;

2. Award plaintiff three times the actual damages or $1,500.00 whichever is greater, under the Odometer Law, together with costs and attorney fees on Count II.

3. Award actual damages, and punitive damages to plaintiff pursuant to Conn. Gen. Stat. §§42-110g on Count III.

4. Award costs and a reasonable attorney's fee.

5. Award such other or further relief as the Court deems just or equitable.

THE PLAINTIFF

By _____
Michael W. Kennedy
101 W. Main Street
Branford, CT 06405
Fed. Juris No.: CT19664
(203) 481-4040